```
                                            FILED
                                         BILLINGS DIV.

                                       2007 FEB 13 PM 3 37
```
IN THE UNITED STATES DISTRICT COURT
                                       PATRICK E. DUFFY, CLERK
FOR THE DISTRICT OF MONTANA            BY _____
                                            DEPUTY CLERK
BUTTE DIVISION

| | |
|---|---|
| PATTY LOVAAS, PRESIDENT,<br>ELKHORN HOT SPRINGS, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>THOMAS OSEN, DISTRICT RANGER,<br>and UNITED STATES FOREST<br>SERVICE,<br><br>        Defendants. | CV 06-66-BU-RFC<br><br>**FINDINGS AND RECOMMENDATION OF<br>UNITED STATES MAGISTRATE JUDGE** |

On May 18, 2006, Plaintiff Patty Lovaas ("Lovaas"), appearing *pro se*, initiated this action in Montana state court[1] seeking an injunction and a temporary restraining order against Defendants Thomas Osen ("Osen"), District Ranger, and the United States Forest Service ("USFS"). See *Complaint* ("*Cmplt.*") (Court's Doc. No. 7). On September 5, 2006, Osen and the USFS removed the action to this Court. See *Notice of Removal* (Court's Doc. No. 5). Osen and the USFS invoke the Court's jurisdiction under 28 U.S.C. §§ 1331, 1346(b)(1), or 1442(a)(1). *Notice of Removal* at ¶¶ 5 and 6.

---

[1] Lovass filed her Complaint in Montana's Fifth Judicial District, Beaverhead County, as Cause Number DV-06-12939.

1

Before the Court are the following motions:

1. Defendants' Motion to Dismiss (Court's Doc. No. 8); and

2. Lovaas's "Motion to Deny Motion to Dismiss and Order to Grant Injunction and Restraining Order" ("*Lovaas's Br.*") (Court's Doc. No. 12).

Having reviewed the record, together with the parties' arguments in support of their respective positions, the Court issues the Findings and Recommendations that follow.

## I. BACKGROUND

Although it is difficult to ascertain the precise nature of or basis for her action, Lovaas does allege in her Complaint that Osen "violated several Montana Laws, including but not limited to MT 45-5-203, MT 45-7-203, MT 45-7-205, [and] MT 45-7-102 in connection with the State Fire Marshall's office."[2] *Cmplt.* at ¶ 1. Lovaas further alleges, without explanation, that Osen "has a current and ongoing complaint before the Office of Civil Rights for discrimination[,]" and that she "believes these actions to be reprisals[]" that "violate[] USFS policies but ... they have not enforced it." *Cmplt.* at ¶ 2. Finally, Lovaas alleges, again without explanation, that:

> [t]he State Agencies have not issued an order to shut do[wn] and the USFS has exceeded their authority in

---

[2] Presumably, Lovaas refers in her Complaint to sections from Title 45 of the Montana Code Annotated, which describe the crimes of intimidation, unsworn falsification to authorities, false reports to law enforcement authorities, and threats and other improper influence in official and political matters, respectively. *See* Mont. Code Ann. §§ 45-5-203, 45-7-203, 45-7-205, and 45-7-102 (2005).

2

> issuing a suspension. Lies were published in the local media. In addition, the media was contacted before we received official notice of the shutdown and before giving us an opportunity to work with the state licensing agencies regarding this injustice. This has caused und[ue] financial hardship and gives rise to defamation claims.

Cmplt. at ¶ 3.

In her prayer for relief, Lovaas seeks: (1) an injunction against Osen and the USFS "to keep the status quo until such time as the information can be assembled and a resolution can be obtained"; (2) the filing of a restraining order against Osen "for fear of personal harm"; and (3) the filing of "defamatory libel charges against Thomas Osen and the USFS." Cmplt. (prayer for relief).

In addition to the Complaint that Lovaas filed in state court, the record reflects that she later filed, on June 30, 2006, a document styled "PETITION FOR" ("Pet.") in the same state court action. Notice of Removal at Ex. C. In the Petition, Lovaas repeats her request for an injunction against the USFS and a restraining order against Osen "as stated in the original complaint." Pet. at opening paragraph. She also seeks a "gag order against the USFS to prevent further financial hardship and defamation until such time as the special use term permit provisions can be finalized with the regional forester." Id. Lovaas then alleges:

1.  Gordon Ash of the USFS called on 6/28/06 and threatened to suspend operations at Elkhorn Hot Springs on 7/1/06 unless

> the special use term permit was signed as presented. The permit was signed by petitioner, Patty Lovaas, with inappropriate attachments deleted and initialized. Thomas Osen, as the representative of the forest supervisor refuses to validate the permit. I asked for a written statement to confirm the intended suspension actions, which Gordon Ash stated he would relay to Thomas Osen but could not promise a written statement. The forest supervisor, Bruce Ramsey, is not available. The regional forester is also not available. Calls into the acting supervisor and deputy regional forester at the USFS have been made. A copy of the letter to the forest supervisor and term permit signature and deletions of inappropriate provisions are attached.
>
> 2. Criminal investigation of actions by the USFS are pending for violating state laws. Suspension threats are an act of reprisal by Thomas Osen, the District Ranger. Attached letter to State Fire Marshall and Attorney General attached.

*Id.* at ¶¶ 1 and 2.

On October 23, 2006, Osen and the USFS filed their Motion to Dismiss (Court's Doc. No. 8). On November 3, 2006, Lovaas filed her "Motion to Deny Motion to Dismiss and Order to Grant Injunction and Restraining Order" (Court's Doc. No. 12). On November 16, 2006, Osen and the USFS filed their Reply Brief (Court's Doc. No. 13).

## II. *DISCUSSION*

### A. *The parties' arguments*

Osen and the USFS move to dismiss under Rules 12(b)(1) and (6)[3] on the grounds that either the Court lacks subject matter jurisdiction over Lovaas's claims or Lovaas fails to state a claim upon which relief can be granted. *Memorandum in Support of*

---

[3] All references to rules herein are to the Federal Rules of Civil Procedure unless otherwise indicated.

4

*Defendants' Motion to Dismiss* ("*Defts' Br.*") *at 3*. In their motion to dismiss, Osen and the USFS speculate with respect to the nature of Lovaas's claims, and summarize their arguments in support of dismissal as follows:

> Specifically, to the extent plaintiff intends to assert a claim for damages against Osen in his individual capacity, she fails to state a claim upon which relief can be granted, because Osen has immunity from her claims. If plaintiff intends to assert a claim for damages against the United States based on defendant Osen's conduct, the court does not have jurisdiction. Finally, if plaintiff intends to assert a claim for equitable relief against Osen in his official capacity, and/or against the United States Forest Service, she has failed to state a claim upon which relief may be granted, because she has failed to exhaust administrative remedies.

*Id.*

In her response to Defendants' motion, Lovaas appears to clarify that her claims against Osen are brought against him in his official capacity in that she argues that "[t]he Court does have jurisdiction in official capacity cases." *Lovaas's Br. at ¶ 1*. She further represents that she "is not seeking any claim for damages." *Id. at ¶ 2*. Rather, Lovaas maintains that she is "seeking equitable relief under the Administrative Procedure Act (APA) 5 U.S.C. 500-706 which provides for judicial review." *Id. at ¶ 3*.

Lovaas argues that she "has exhausted all remedies for appeal of the 'forged' special use term permit[.]" *Id.* (noting attached exhibits a, b, c, and d). Lovaas then concludes that

5

the USFS "has denied all appeals." *Id*.

In reply, Osen and the USFS note that their interpretation of Lovaas's claims is that she is seeking relief under the Administrative Procedure Act ("the APA"), 5 U.S.C. §§ 500-706. *Reply Brief at 2*. They argue that such relief is not available to her for three reasons. First, they argue, Lovaas has failed to specify what agency action she wishes to have set aside or compelled pursuant to the APA. *Id. at 2-3*. Second, Osen and the USFS argue that Lovaas has failed to demonstrate that a "final agency action" has occurred that is subject to the Court's review. *Id. at 3*. Third, Osen and the USFS argue that Lovaas has failed to exhaust administrative remedies with respect to the claim alleged in her Complaint, *i.e.*, that the Forest Service improperly issued a suspension or "notice of [] shutdown." *Id. at 3-4*.

B.  *Analysis*

The bases Osen and the USFS advance in support of their motion to dismiss notwithstanding, the Court notes as an initial matter that Lovaas's Complaint seeks an injunction and a temporary restraining order. Again, she also has affirmatively stated that she "is not seeking any claim for damages." *Lovaas's Br. at ¶ 2*. Further, in her response to the motion to dismiss, Lovaas moves the Court to order an injunction and restraining order. *Id. at 1*. Thus, at this juncture, the Court deems it

appropriate to address Lovaas's requests for an injunction and a temporary restraining order.

The standards for issuing a temporary restraining order and a preliminary injunction are identical. The Ninth Circuit requires that a plaintiff demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in plaintiff's favor. <u>International Jenson, Inc. v. Metrosound U.S.A., Inc.</u>, 4 F.3d 819, 822 (9th Cir. 1993). These two legal standards are not distinct but are extremes of a single continuum. <u>Fund for Animals, Inc. v. Lujan</u>, 962 F.2d 1391, 1400 (9th Cir. 1992).

Here, Lovaas does not prevail on any ground. First, she has failed to demonstrate probable success on the merits. Neither the precise nature of her claim for relief nor its basis are readily apparent from her Complaint, "Petition," or other submissions.

Again, her Complaint merely alleges that: (1) Osen violated some Montana criminal statutes; (2) a complaint is pending with the "Office of Civil Rights for discrimination"; (3) actions that Lovaas believes are "reprisals" violate unidentified USFS policies that have not been enforced; (4) the USFS has exceeded its authority in "issuing a suspension"; (5) unidentified "lies" were published in unidentified "local media" which was allegedly

7

contacted by unidentified persons or entities before Lovaas was given an opportunity to work with state licensing authorities; and (6) all of these matters have caused undefined "financial hardship and give[] rise to defamation claims." *Cmplt. at ¶ 3.* None of these confusing allegations and statements, and nothing in Lovaas's response brief and motion, clarify what it is that Lovaas is asking the Court to do. Without a far better understanding of Lovaas's claim, the Court cannot recommend that injunctive or other relief be granted.

Similarly, Lovaas's "Petition," while repeating her request for an injunction and restraining order and also asking for a "gag order against the USFS to prevent further financial hardship and defamation" does nothing to clarify the basis for her claims. *Pet.* Lovaas fails to describe the nature or extent of the financial hardship and defamation that she allegedly has suffered, and has not offered any evidence or even explanation as to how the USFS or Osen caused those alleged injuries. Also, references in her "Petition" to alleged improprieties in processing her special use term permit are too vague and unintelligible to allow Lovaas to demonstrate probable success on the merits.

Second, Lovaas has not demonstrated the possibility of irreparable injury should the Court deny the relief she seeks. The irreparable injury requirement is a high standard. The

moving party "must demonstrate that it will be exposed to some significant risk of irreparable injury" that is immediately threatened.  <u>Associated Gen. Contractors of Cal., Inc. v. Coalition for Econ. Equity</u>, 950 F.2d 1401, 1410 (9th Cir. 1991).  Speculative allegations of future harm is not sufficient to support a request for a preliminary injunction.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 109-111 (1983).

    Here, Lovaas has advanced only a vague, general allegation of "und[ue] financial hardship."  This is insufficient to satisfy her burden under the standard set forth above.

    Third, Lovaas has failed to demonstrate that serious questions are raised and that the balance of hardships tips sharply in her favor.  For the reasons already stated, it is not entirely clear what Lovaas is attempting to accomplish through this action.  Without more direction on the facts alleged and the legal issues raised, the Court has no clear indication that any hardships requiring balancing are involved in this matter.

    Also, because Lovaas is seeking injunctive relief against a federal government entity and one of its employees, "the district court must consider the public interest as a factor in balancing the hardships [because] the public interest may be affected."  <u>Caribbean Marine Services Co., Inc. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988).  Again, because the Court is unable to determine what Lovaas is attempting to accomplish through this

action, the Court cannot say that the balance of hardships tips sharply in Lovaas's favor. Thus, Lovaas has failed to meet her burden for the relief she seeks.

For the foregoing reasons, the Court will recommend that Lovaas's request for a preliminary injunction and for a restraining order be denied. Because the only relief Lovaas seeks in her Complaint and "Petition" is for a preliminary injunction and restraining order, the Court also will recommend that this action be dismissed. This latter recommendation raises for the Court the issue of whether the action should be dismissed with or without prejudice.

As noted at the outset, Lovaas appears here *pro se*. The Court liberally grants to *pro se* litigants leave to amend unless it is "clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)). It is well-settled in the Ninth Circuit that courts must liberally construe *pro se* pleadings. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In this case, it is this Court's opinion that dismissal of the action without prejudice is appropriate. Although affording Lovaas the opportunity to amend her Complaint may be futile, the Court does not believe it is appropriate to foreclose Lovaas from

bringing, in a new action, any claims that she may be able to allege that may stem from the allegations contained in her Complaint and "Petition" in this action.

### III. *CONCLUSION*

Based on the foregoing,

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Court's Doc. No. 8) be GRANTED, but for the reasons stated herein, and that dismissal of the action be without prejudice.

**IT IS FURTHER RECOMMENDED** that Lovaas's "Motion to Deny Motion to Dismiss and Order to Grant Injunction and Restraining Order" (Court's Doc. No. 12) be DENIED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the U.S. Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 13th day of February, 2007.

Carolyn S. Ostby
United States Magistrate Judge